**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: J.G. Furniture Group,
Incorporated, d/b/a J.G./The Apollo
Group, Incorporated, d/b/a Alma
Furniture Group, Incorporated, d/b/a
J.G./Alma,
                              *Debtor.*

---

Charles M. Ivey, III, Trustee for
the bankruptcy estate of J.G.
Furniture Group, Incorporated,
                    *Trustee-Appellant,*

v.

Great-West Life & Annuity
Insurance Company,
                    *Claimant-Appellee,*            No. 04-1576

and

Triad Fabrications and Machine;
Pifer Industries, Incorporated;
Triangle Machine and Electronic
Company,
                              *Creditors.*

---

American Home Assurance
Company; The Travelers Indemnity
Company, and its affiliates; Zurich
American Insurance Company,
                *Amici Supporting Appellee.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CA-02-586-1; BK-98-10900)

Argued: February 3, 2005

Decided: April 20, 2005

Before LUTTIG and MOTZ, Circuit Judges,
and Samuel G. WILSON, United States District Judge
for the Western District of Virginia,
sitting by designation.

---

Affirmed by published opinion. Judge Luttig wrote the opinion, in which Judge Motz joined. Judge Wilson wrote a concurring opinion.

---

## COUNSEL

**ARGUED:** Charles M. Ivey, III, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. David Marion Warren, POYNER & SPRUILL, Rocky Mount, North Carolina, for Appellee. G. Eric Brunstad, Jr., BINGHAM MCCUTCHEN, L.L.P., Hartford, Connecticut, for Amici Curiae Supporting Appellee. **ON BRIEF:** John M. Blust, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. Deborah E. Sperati, POYNER & SPRUILL, Rocky Mount, North Carolina, for Appellee. Margaret M. Anderson, Hugh S. Balsam, LORD, BISSELL & BROOK, L.L.P., Chicago, Illinois, for Amici Curiae Supporting Appellee.

---

## OPINION

LUTTIG, Circuit Judge:

Appellant-trustee Charles M. Ivey III appeals the district court's determination that claimaint-appellee Great West Life & Annuity

Insurance Company's claim against debtor J.G. Furniture Group, Inc. was entitled to priority status under 11 U.S.C. § 507(a)(4). For the reasons set forth below, we affirm the judgment of the district court.

## I.

The facts in this case are undisputed. In 1996, J.G. Furniture entered into a contract with Great West, whereby Great West agreed to administer J.G. Furniture's self-funded employee benefit plan. J.A. 88-89. Under the terms of the agreement, J.G. Furniture's employees submitted their medical bills to Great West for payment, Great West then evaluated and paid the claims, and J.G. Furniture reimbursed Great West by permitting Great West to withdraw funds from an account set up by J.G. Furniture. J.A. 9, 89. In exchange for these services, J.G. Furniture paid Great West administrative fees.

In addition, in order to cap its potential liability, J.G. Furniture purchased "stop-loss" coverage from Great West. Under this coverage, Great West "could only be reimbursed for claims paid up to [J.G. Furniture's] maximum liability amount." J.A. 89. J.G. Furniture paid Great West a monthly premium for the stop-loss coverage.

In July of 1997, J.G. Furniture closed its Pennsylvania operations, moving all of its production activities to North Carolina. The Pennsylvania employees lost their jobs, but many of them "completed COBRA forms and sent payments to the Debtor in order to continue coverage" under J.G. Furniture's medical benefits plan administered by Great West. J.A. 89. On April 7, 1998, J.G. Furniture filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Great West filed a claim for a combination of unpaid administrative fees, unpaid premiums, and unpaid medical claims, totaling $27,773.51. Notably, in the 180 days preceding J.G. Furniture's bankruptcy, only J.G. Furniture's former employees were insured through Great West. Great West successfully sought priority status for its claim pursuant to 11 U.S.C. § 507(a)(4) in the bankruptcy court. The district court affirmed and the instant appeal followed.

## II.

Section 507(a)(4) affords "priority" to "unsecured *claims for contributions to an employee benefit plan . . . arising from services ren-*

*dered* within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first." 11 U.S.C. § 507(a)(4)&(A) (emphasis added) (internal divisions omitted). When the trustee brought this appeal, we had not addressed whether an insurance company could obtain priority under section 507(a)(4) for claims for unpaid premiums and fees, pertaining to an employee benefit plan, owed by a debtor-employer. In the interim, however, we decided *Howard Delivery Service, Inc.* v. *Zurich American Ins. Co.*, ___ F.3d ___, 2005 WL 674869 (4th Cir. 2005), where we held that an insurer was entitled to section 507(a)(4) priority status for unpaid worker's compensation insurance premiums owed by a debtor-employer. *Howard Delivery* held that worker's compensation plans fall within the meaning of "employee benefit plan," and that an employer's payment of insurance premiums constitutes a "contribution." While the instant case is for unpaid health insurance premiums and fees, "worker's compensation insurance is indistinguishable, under the Statute, from [health, disability, and life] insurance." *Id.* at \*8 (King, J., concurring). Accordingly, under *Howard Delivery*, Great West is entitled to priority status for its claim against J.G. Furniture.

Appellant, however, raises a contention that was not addressed in *Howard Delivery*, namely that section 507(a)(4) is inapplicable here because the individuals insured through Great West were not employed by J.G. Furniture in the 180-day period preceding the bankruptcy filing, and thus, appellant claims, J.G. Furniture's obligation did not arise from "services rendered" in that time frame. We disagree with appellant's contention that the relevant services were those rendered (or not) by J.G. Furniture's employees. Under section 507(a)(4), priority is afforded "claims . . . arising from services rendered within 180 days before the date of the filing of the petition." At a minimum, this language contemplates that such a claim can — and perhaps must — arise *from services rendered by the claimant*, namely the creditor seeking priority status. Here, the creditor, Great West, provided health insurance coverage and administered J.G. Furniture's plan during the statutory time period. As the district court determined, the performance of these services entitled Great West to priority under the statute. *See* J.A. at 100 ("Insurers providing health coverage are rendering services, and the claims for contributions arise from these services.").

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*

WILSON, District Judge, concurring:

I concur in the court's judgment, and I concur in the court's opinion that under *Howard Delivery*, Great West is entitled to priority status for its claim against J.G. Furniture. However, while I reject appellant's argument that J.G. Furniture's obligation did not arise from "services rendered" within 180 days of the bankruptcy filing because J.G. Furniture had no employees during that time period, I do not reject this argument on its underlying merits. Rather, I reject the argument because I believe that *Howard Delivery*'s reasoning that the "services rendered" language of § 507(a)(4) contemplates services rendered either by an employee or by an insurance company precludes it.